IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WOODROW NEAL, JR.                                                                                           PETITIONER

v.                                            NO. 5:11CV00331 SWW/HDY

RAY HOBBS, Director of the                                                                            RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS. In 1997, petitioner Woodrow Neal, Jr., ("Neal") pleaded guilty in an Arkansas state court to battery in the first degree in CR-1997-202 and was sentenced to, <u>inter alia</u>, a suspended sentence. In 1998, he pleaded guilty in the same state court to theft of property in CR-1998-442 and was sentenced to sixty months in the custody of respondent Ray Hobbs ("Hobbs"). In 2001, Neal's suspended sentence in CR-1997-202 was revoked, and he was sentenced to 120 months in Hobbs' custody. Neal was subsequently paroled but was returned to custody when he "absconded from parole." <u>See</u> Document 11 at 1. Neal did not appeal his convictions and/or sentences in CR-1997-202 and CR-1998-442 nor the revocation of his suspended sentence in CR-1997-202. In addition, he never sought post-conviction relief as to either CR-1997-202 or CR-1998-442.[1]

PRIOR 2254 PETITIONS. In 2001, Neal filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. <u>See</u> <u>Neal v. Hobbs</u>, 5:01CV00430 SWW. In the petition, he challenged the revocation of his suspended sentence in CR-1997-202. The undersigned recommended that 5:01CV00430 be dismissed because Neal's claim was built upon state law. United States District Judge Susan Webber Wright adopted the recommendation and dismissed 5:01CV00430. Neal did not appeal the adverse determination of his petition.

---

[1] He did, however, file a motion to modify the sentence imposed following the revocation of his suspended sentence in CR-1997-202, but the record is silent as to the final disposition of his motion.

In June of 2011, Neal filed his second petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Neal v. Hobbs, 5:11CV00157 SWW. In the petition, he made mention of CR-1997-202 and CR-1998-442 but failed to identify the judgment of conviction he was challenging nor offer any reason for vacating either judgment of conviction. Because it was not clear which judgment of conviction he was challenging, the undersigned construed the petition to challenge the judgments of conviction in both CR-1997-202 and CR-1998-442. The undersigned recommended that the petition in 5:11CV00157 be dismissed for the following reasons:

> Neal challenged the revocation of his suspended sentence in CR-1997-202 in his first petition, that being, 5:01CV00430. He is challenging the same judgment of conviction in [5:11CV00157], and there is no evidence whatsoever that he obtained an order from the Court of Appeals authorizing the district court to consider his petition. Because the petition [in 5:11CV00157] is a second or successive petition, and he did not obtain the approval of the Court of Appeals before filing it, ... Neal's petition should be dismissed. [Footnote omitted].
>
> ... [I]t is possible that Neal is not challenging ... CR-1997-202 but is instead challenging ... CR-1998-442. If that is indeed the case, then the petition [in 5:11CV00157] is not a second or successive petition as there is nothing to suggest that he has ever challenged the judgment of conviction in CR-1998-442 in a petition pursuant to 28 U.S.C. 2254. ...

> … Neal has offered no reason why the judgment of conviction in CR-1998-442 should be vacated. For that reason, his petition [in 5:11CV00157] does not conform to the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Even had he offered a reason, the undersigned has serious concerns about whether the judgment of conviction in CR-1998-442 could be vacated at this time, given that he pleaded guilty to theft of property almost thirteen years ago, did not appeal the sentence he received, and does not appear to have ever sought post-conviction relief. When given the opportunity to provide some clarity regarding the events surrounding the filing of the petition [in 5:11CV00157], Neal submitted nothing. …

See 5:11CV00157, Document 9 at 6-7. Judge Wright adopted the recommendation and dismissed 5:11CV00157. Neal did not appeal the adverse determination of his petition in 5:11CV00157.

In September of 2011, Neal filed his third petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Neal v. Hobbs, 5:11CV00257 SWW. The petition was virtually identical to the petition he filed in 5:11CV00157. The undersigned recommended that the petition in 5:11CV00157 be dismissed for the following reasons:

> Because the petitions in 5:11CV00157 and 5:11CV00257 are identical, save an additional one sentence prayer for relief in the latter petition, the same analysis is applicable to both petitions. …

> 1) if Neal is challenging the judgment of conviction in CR-1997-202 in [5:11CV00257], it should be dismissed because it is a second or successive petition and he did not obtain the approval of the Court of Appeals before filing it.
>
> 2) if he is challenging the judgment of conviction in CR-1998-442 in [5:11CV00257], it should be dismissed because he has offered no reason why it should be vacated.
>
> Additionally, a third reason warrants dismissing [5:11CV00257]. Hobbs maintains that Neal is no longer in custody as to the judgment of conviction in CR-1998-442. For the reasons provided by Hobbs, the undersigned agrees.

See 5:11CV00257, Document 10 at 8-9. Judge Wright thereafter adopted the recommendation and dismissed 5:11CV00257. Neal did not appeal the adverse determination of his petition in 5:11CV00257.

THE PETITION AT BAR. In December of 2011, Neal filed the petition at bar pursuant to 28 U.S.C. 2254, a petition that was almost identical to the petitions he filed in 5:11CV00157 and 5:11CV00257. Although he acknowledged that he is no longer in custody for CR-1998-442 but is in custody solely for CR-1997-202, he offered no reason whatsoever for attacking the conviction and/or sentence in CR-1997-202.

Hobbs responded to the petition at bar by filing the pending motion to dismiss. See Document 11. In the motion, he maintained the following:

> [Neal] has neither sought nor received permission from the Eighth Circuit Court of Appeals to file this successive petition. Absent "an order authorizing the district court to consider the application[,] 28 U.S.C. 2244(b)(3)(A), jurisdiction does not lie.
>
> In 2011, [Neal] twice challenged his current confinement in St. Francis County Case No. CR 1997-202 to a conclusion in a proceeding brought pursuant to 28 U.S.C. 2254. While [he] raises no cognizable claims in his pending application, he essentially is either raising the same "claim" again attacking the same confinement that was at issue in his previous petition, see 28 U.S.C. 2244(b)(1), or [he] failed to raise his pending "claim" in his prior two 2011 applications. See 28 U.S.C. 2244(b)(2). This application should be dismissed.

See Document 11 at 1-2.

The undersigned invited Neal to submit a response to Hobbs' motion. Neal did not accept the invitation, and the undersigned now makes the following recommendation.

ANALYSIS. Neal acknowledges that he is challenging his conviction and/or sentence in CR-1997-202 in the petition at bar. Notwithstanding the fact that he offered no reason whatsoever for attacking that conviction and/or sentence, it is clear that the petition at bar is Neal's fourth attempt to challenge some aspect of that conviction and/or sentence in a petition pursuant to 28 U.S.C. 2254. He challenged parts or all of the same conviction and/or sentence in 5:01CV00430, 5:11CV00157, and 5:11CV00257, none of which were successful and the latter two of which were dismissed as second or successive petitions. The petition at bar is also a second or successive petition and there is nothing to suggest that he obtained the approval of the Court of Appeals before filing it. For that reason, it should be dismissed.

RECOMMENDATION. The undersigned recommends that Hobbs' motion to dismiss be granted, see Document 11, and Neal's petition be dismissed as a second or successive petition. He should be directed to obtain the approval of the Court of Appeals before re-filing it.

Neal should also be cautioned regarding the following matter: the petition at bar marks his fourth challenge to some aspect of his conviction and/or sentence in CR-1997-202. In his three most recent petitions, he offered no reason for attacking the conviction and/or sentence nor did he obtain the approval of the Court of Appeals before filing the petitions. Neal should be cautioned that his continued filing of petitions devoid of a reason for challenging his conviction and/or sentence in CR-1997-202, and filing petitions challenging that conviction and/or sentence without the approval of the Court of Appeals, will result in sanctions.

DATED this \_\_\_13\_\_\_ day of March, 2012.

 

_____
UNITED STATES MAGISTRATE JUDGE